IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF JOHN BAIRD, DECEASED.

*Probate of a will — right of a contestant to compel the proponents to produce witnesses, who were not present when the will was executed, for examination under section 2618 of the Code of Civil Procedure.*

Upon the death of one John Baird, his widow, Isabella, and one Hetzel, applied for the probate of an instrument purporting to be his last will and testament, in which they were named as executors, and by which he devised all his property to his widow and an infant daughter, Helen, making no provision for two other children of a former marriage, born prior to his marriage with the widow. The will was signed by two witnesses, both of whom were called and examined upon the hearing before the surrogate, the probate of the will being contested by the children of the former marriage upon the ground that it was procured by the fraud and undue influence of the widow.

Before the proponents had closed their proofs the contestants filed with the surrogate a written notice requiring the examination of the widow and two other persons, as authorized by section 2618 of the Code of Civil Procedure, which provides that any party who contests the probate of a will may, by a notice filed with the surrogate at any time before the proofs are closed, require the examination of all the subscribing witnesses to a written will, *or any other witnesses whose testimony the surrogate is satisfied may be material*, in which case *all* such witnesses who are within the State and competent and able to testify *must be so examined*.

The surrogate refused to require the proponents to produce the widow upon the ground that she was not present at the time the will was executed, and that the section only applied to such persons as were then present.

*Held,* that he erred in so doing.

That he should have compelled the proponents to produce the witness.

That when a witness is thus produced the law imposes upon the surrogate the duty of examining such witness as to the execution of the will, whether the contestants be present or not.

*In the Matter of the Estate of Jesse Hoyt* (67 How., 57, and *Hoyt* v. *Jackson,* 2 Dem., 443) approved

That the ruling of the surrogate could not be sustained upon the ground that the widow, being interested in the establishment of the will, was incompetent to testify, as the contestants, by demanding her examination, waived all objections to her competency as against themselves, and as the infant daughter, who, as well as the widow, took under the will a greater sum than they would receive under the statutes of descents and distributions, could not raise the question that her mother was an incompetent witness on the ground that her interest was hostile to her own.

APPEAL from a decree of the surrogate of Monroe county, admitting to probate the will of one John Baird.

The decedent died on the 30th of November, 1883, at the age of sixty-five years, leaving him surviving Isabella McL. Baird, his widow, and three children, being the owner of both real and personal property of the aggregate value of $12,000. On the 3d day of April, 1882, the deceased executed an instrument purporting to be his last will and testament, by the terms of which he gave all his property to his widow, and an infant daughter, Helen A. Baird, making no provision therein for his other children, James C. and William Baird. By the terms of the will his widow received a greater interest in his property than she would have done under the statute of distributions if he had died intestate. The sons James and William resisted the probate of the will, alleging that at the time of its execution the decedent was not of sound mind and memory, and was incompetent to make a will devising his property; that the execution of the instrument, purporting to be his last will and testament, was procured by fraud, circumvention and undue influence, practiced upon him by his wife, Isabella Baird. The surrogate, on admitting the will to probate, found specifically, as a fact, that at the time of the execution of the instrument the testator was of sound and disposing mind and memory, and he did

the same as his free and voluntary act, and that he was not under any restraint or undue influence at the time of its execution.

In matter of form and manner of execution, the will was in full compliance with the statutes. His sons James and William were children of a former marriage, and he intermarried with Isabella, his widow, in May, 1876, by whom he had two children, of which Helen A., named in the will, is the survivor. The widow and Henry J. Hetzel were named as executors, and the will was presented for probate upon the petition of the executor Hetzel, in which the widow joined. There were two subscribing witnesses only, both of whom were called and sworn. Both of the contestants join in the appeal from the decree admitting the will to probate.

*George A. Benton*, for the contestants and appellants.

*William E. Werner*, for the proponents and respondents.

BARKER, J.:

The will should have been denied probate for the reason that Isabella McL. Baird, the widow, was not produced and examined as a witness as demanded by the contestants. By section 2618 of the Code of Civil Procedure it is provided that, "any party who contests the probate of the will may, by a notice filed with the surrogate at any time before the proofs are closed, require the examination of all the subscribing witnesses to a written will, or any other witness whose testimony the surrogate is satisfied may be material, in which case all such witnesses who are within the State and competent and able to testify must be so examined." Before the proponents had closed their proofs the contestants filed with the surrogate a written notice requiring the examination of Isabella McL. Baird, Henry Achiles and William H. Whiting, under and in pursuance of the provisions of the said section. Immediately after the proponents had rested their case the contestants demanded that the persons named be produced as witnesses and examined as required by the said notice. The record states that this application was denied by the surrogate upon the ground that the words of the section, "any other witness," applied only to such persons as those who were present at the execution of the will; and that it appeared that Achiles and Whiting were not present at that time, and that

Isabella Baird was in a bed-room, with the door closed. It was admitted that the notice was duly filed and served. The contestants duly excepted to the ruling.

The surrogate is not required to compel the attendance of any witness other than the subscribing witnesses on the demand of the contestants, unless he is satisfied that the testimony of such persons will be material on the issues of fact to be determined by him. The application was denied on the ground of the want of power in the court to make the order, and not because he was satisfied that the testimony of the witnesses was not material on the questions of fact litigated.

In determining whether the ruling was erroneous or not we should regard the case the same as if it had been specifically determined by the surrogate, on proper proof, that the evidence of each of these witnesses was material. The contestants were not called upon by the proponents to produce proof of the materiality of the testimony, and it is manifest that the surrogate made his decision declining to require the production of the witnesses, on the assumption that their evidence was material, or that the contestants were ready to make it appear to his satisfaction that such was the fact. The question is, therefore, fairly presented whether the proponents were required, under the provisions of section 2618, above quoted, to produce before the surrogate the persons named in the notice, and for the reason that one of them was not produced and examined the surrogate should have denied probate to the will. The language of the statute is plain and positive, that " all such witnesses," that is, all those named in the notice " who are within the State and competent and able to testify must be so examined."

The ruling, that the statute has no application unless the witnesses named were present at the execution of the will, is adding to the requirements of the statute, which no court has the power to do. If the surrogate is satisfied that the witnesses named and required to be produced and examined can give material evidence, then, as matter of right, the contestants can insist·on their production and examination, before the will can be admitted to probate. In this respect the statute is as imperative as its other provision, requiring that at least two of its subscribing witnesses shall be produced and examined, if living and within the jurisdiction of the court.

The proceedings relating to the probate of a will are in the nature of proceedings *in rem*. When a will is allowed probate it becomes an instrument affecting the title to property, both real and personal. It has been for a long time the policy of the law, that instruments of this character shall be executed with great formality and in a particular manner, and many arbitrary requirements have been enacted by the legislature to prevent fraud in imposing such instruments upon the heirs and next of kin of deceased persons.

The provisions of the section now under consideration are not novel, and are, in substance, the mere compilation of previous statutes. By section 10 of chapter 460 of the Laws of 1837, at least two of the subscribing witnesses, if not disabled from age, sickness or infirmity, from attending before the surrogate, were required to be produced and examined. By the eleventh section of the same act, the contestants against the probate could, by filing with the surrogate a request, require all of the subscribing witnesses, if there were more than two, to be produced and examined by the surrogate before the will could be admitted to probate. In 1841, chapter 129, section 11 was amended so as to apply to all witnesses whom any person interested in the proof of the will shall request to be examined, whether such witnesses be subscribing witnesses to the will or not; provided the surrogate before whom the proceedings were pending was satisfied that the testimony of the witnesses so requested to be examined was material.

We are also of the opinion that it is incumbent upon the proponents of the will to produce the witnesses named by the contestants, and when produced, the law imposes upon the surrogate the duty to examine such witnesses relative to the execution of the will, whether the contestants be present or not. It is made the surrogate's duty, by a statutory requirement, " to inquire particularly into all the facts and circumstances," and not until he himself is " satisfied of the genuineness of the will and the validity of its execution " can he admit it to probate. (Code, § 2622.)

Similar views as to the true interpretation which should be put upon the sections of the Code which have been quoted, were expressed by the surrogate of the city and county of New York, whose experience in administering the law relative to the probate of wills is very great, and his opinions on such matters are worthy of

the highest consideration and respect. (*In the Matter of the Estate of Jesse Hoyt, deceased*, 67 How. Pr., 57 ; S. C., *sub. nom. Hoyt* v. *Jackson*, 2 Dem., 443.)

The question is not before us as to the course of procedure to be adopted in the Surrogate's Court as to the mode and manner of producing to the surrogate proofs as to the materiality of the witnesses whom the contestants may require to be examined. Two of the witnesses mentioned in the notice, Achiles and Whiting, were sworn after the ruling made by the surrogate and examined fully upon the questions of fact in issue, both by the proponents and contestants. It does not appear, however, that Mrs. Baird, the other witness, was personally present before the surrogate, but she was within the jurisdiction of the State and amenable to the process of subpœna. She was one of the proponents of the will for probate, and interested in having it established as the valid will of her late husband, and it is now suggested by the respondents that, therefore, she was not a competent witness.

The contestants, by demanding her examination, waived all objections to her incompetency as against themselves, and the infant, the only other person interested, who declined to produce the witness, is, in no situation, at least at this time, to present that point in support of the surrogate's ruling. The widow and her daughter, who, by the terms of the will, take all of the estate of the decedent, and each in a sum greater than she would receive under the statute of descent and distribution, if he had died intestate, are interested in supporting the will, and we think that the daughter, one of the proponents, cannot raise the question that her mother is an incompetent witness, on the ground that her interest is hostile to her own.

On the hearing the contestants offered to prove, and the same was rejected, that the life of Mrs. Baird, before her marriage with her husband, was not virtuous, and the same was rejected. This ruling, we think, was correct, as that question was not involved in the issues.

We have read all the evidence with much attention, with a view of forming a judgment of our own upon the questions of fact litigated before the surrogate, but we withhold any expression of our own judgment upon those questions, for the decree of the surrogate should be reversed upon the question of law as indicated. This is the more proper for the reason that much of the evidence,

upon which the contestants rely in support of their charge of fraud and undue influence on the part of Mrs. Baird, was given by the contestants themselves, and the wife of James, as to whom the proponents made the objection that they were incompetent under section 829 of the Code of Civil Procedure, which was overruled by the surrogate. We refer to that part of their evidence relative to transactions and communications between themselves, individually, and the deceased. (Greenl's Ev., §§ 390, 399, 397; *Steele* v. *Ward*, 30 Hun, 555; *Holcomb* v. *Holcomb*, 95 N. Y., 316.)

It will not be of advantage to either party for the court, on this appeal, to pass upon the many other exceptions taken by the contestants, for it is not likely that they will again arise on the rehearing, in the precise manner in which they are presented by this record.

The decree of the surrogate is reversed and the proceedings remitted to the surrogate of Monroe county, with directions to proceed thereon, with the costs of this appeal to the appellants to be paid out of the estate.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

So ordered.